UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCIOUS WILSON, | Case No. 1:23-cv-00023-KES-HBK |
| Plaintiff, | |
| v. | **ORDER RESETTING SETTLEMENT CONFERENCE AND PARAMETERS** |
| BUCATO, J. FLORES, C. AND HUCKLEBERRY, | **Settlement Conference     May 20, 2024** |
| Defendants. | |

Plaintiff is a state prisoner is proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. §1983. The Court previously determined that this case would benefit from a settlement conference. A settlement conference was subsequently set for April 18, 2024. The settlement conference had to be vacated due to plaintiff's health and housing situation and lack of access to property, to be continued to another date**. The settlement conference will be reset for May 20, 2024 at 1:00 p.m. before Magistrate Judge Erica P. Grosjean.** The settlement conference will be conducted by remote means, with all parties appearing by Zoom video conference. The Court will issue the necessary transportation order in due course.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The settlement conference in this case is reset for May 20, 2024 at 1:00 p.m. before

  Magistrate Judge Erica P. Grosjean.  The settlement conference will be conducted by remote means, with all parties appearing by Zoom video conference.

2. A representative with full and unlimited authority to negotiate and enter into a binding settlement on the defendants' behalf shall attend in person[1].  Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the settlement conference.  It is recommended that pertinent evidence to be offered at trial, documents or otherwise, be brought to the settlement conference for presentation to the settlement judge.  Neither the settlement conference statements nor communications during the settlement conference with the settlement judge can be used by either party in the trial of this case.

3. Those in attendance must be prepared to discuss the claims, defenses and damages.  The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions.  In addition, the conference will not proceed and will be reset to another date.  Absent permission from the Court, in addition to counsel who will try the case being present, <u>the individual parties shall also be present</u>.  In the case of corporate parties, associations or other entities, and insurance carriers, a representative executive with authority to discuss, consider, propose and agree, or disagree, to any settlement proposal or offer <u>shall also be present</u>.  A representative with unlimited authority shall either attend in person or be

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences…." <u>United States v. United States District Court for the Northern Mariana Islands</u>, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. <u>G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.</u>, 871 F.2d 648, 653 (7th Cir. 1989), <u>cited with approval in Official Airline Guides, Inc. v. Goss</u>, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. <u>Pitman v. Brinker Int'l., Inc.</u>, 216 F.R.D. 481, 485-86 (D. Ariz. 2003), <u>amended on recon. in part</u>, <u>Pitman v. Brinker Int'l., Inc.</u>, 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. <u>Pitman</u>, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. <u>Nick v. Morgan's Foods, Inc.</u>, 270 F.3d 590, 596-97 (8th Cir. 2001).

available by phone throughout the conference. In other words, having settlement authority "up to a certain amount" is not acceptable. **IF ANY PARTY BELIEVES THAT A SETTLEMENT CONFERENCE WOULD BE FUTILE, THEN THAT PARTY SHALL CONTACT THE COURT NOT LATER THAN SEVENTY-TWO HOURS PRECEDING THE SCHEDULED SETTLEMENT CONFERENCE.**

4. The Clerk of the Court is directed to serve a copy of this order on the Litigation Office at Pelican Bay State Prison via facsimile at (707) 465-9099 or via email.

Dated:   April 25, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

Copy to: Michelle Rooney:CRD