**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUCIOUS WILSON,<br><br>                    Plaintiff,<br><br>        v.<br><br>BUCATO, et al.,<br><br>                    Defendants. | Case No. 1:23-cv-0023 KES HBK<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN FULL, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DIRECTING THE CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>Docs. 51, 59 |

Lucious Wilson seeks to hold the defendants liable for violations of his Eighth Amendment rights, related to his decontamination after officers used oleoresin capsicum spray in response to an inmate alteration at Kern Valley State Prison. *See* Doc. 1 at 3. Defendants move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Doc. 51. Wilson opposed the motion. Doc. 54. The matter was referred to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The magistrate judge found the undisputed evidence showed Wilson received a "sufficient opportunity to decontaminate," because he "was provided with cool, running water to decontaminate until he indicated the process was complete," remained exposed to fresh air, received clean clothes, and "received an exposure packet with instructions for self-decontamination." Doc. 59 at 15; *see also id.* at 14-15. The magistrate judge also determined that the evidence did not show any of the named defendants delayed the decontamination process

1

or failed to provide Wilson with the opportunity to decontaminate.  *Id.* at 16.  The magistrate judge found "no genuine dispute of material fact that Defendants were deliberately indifferent to [the] decontamination related treatment."  *Id.*  The magistrate judge concluded Wilson "failed to put forth sufficient evidence to establish a claim for excessive use of force or medical deliberate indifference against any Defendant."  *Id.* at 17.  The magistrate judge recommended the Court grant summary judgment and enter judgment in favor of the defendants.  *Id.*

On March 11, 2026, the Court served the findings and recommendations on the parties and notified them that any objections were due within 14 days.  Doc. 59 at 17.  Wilson was advised that the "failure to file any objections within the specified time may result in the waiver of certain rights on appeal."  *Id.* at 18 (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014)).  Wilson did not file objections, and the time to do so has expired.

In accordance with 28 U.S.C. § 636(b)(1), the Court reviewed the matter de novo.  Having carefully reviewed the matter, the Court concludes the findings and recommendations are supported by the record and proper analysis.  Thus, the Court **ORDERS**:

1.  The findings and recommendations issued on March 11, 2026 (Doc. 59), are **ADOPTED** in full.

2.  Defendants' motion for summary judgment (Doc. 51) is **GRANTED**.

3.  The Clerk of Court is directed to enter judgment in favor of Defendants and close this case.

IT IS SO ORDERED.

Dated:    April 9, 2026    

_____
UNITED STATES DISTRICT JUDGE

2